**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2020 SEP 24  PM 5: 01

CLERK
BY     LAW
DEPUTY CLERK

HENRY MOOERS, on behalf of himself and all
others similarly situated,

Case No.
2:20-Cv-144

PLAINTIFF,

**CLASS ACTION COMPLAINT**

- AGAINST -

MIDDLEBURY COLLEGE,

**JURY TRIAL DEMANDED**

DEFENDANT.

Plaintiff Henry Mooers ("Plaintiff"), by and through the undersigned counsel, brings this

class action against Defendant Middlebury College ("Middlebury," the "College," or

"Defendant"), and alleges as follows based upon information and belief, except as to the

allegations specifically pertaining to him, which are based on personal knowledge.

## NATURE OF THE ACTION

1.       This is a class action lawsuit on behalf of all persons who paid tuition and/or fees

to attend Middlebury College for an in person, hands-on educational services and experiences for

the semesters or terms affected by Coronavirus Disease 2019 ("COVID-19"), Spring 2020

semester, and had their course work moved to online only learning.

2.       Such individuals paid all or part of the tuition for the Spring 2020 semester that was

around $28,940.00 for undergraduate students, and a mandatory fee for each semester of

approximately $218.00 in student activity fees ("Mandatory Fees") and up to $8,315.00 in room

and board.

1

3.     Middlebury has not refunded any amount of the tuition or any of the Mandatory Fee, even though it canceled classes beginning for two weeks (in conjunction with its spring break) in or around March 13, 2020, and implemented online only distance learning starting in or around March 30, 2020.

4.     Because of the College's response to the COVID-19 pandemic, on or about March 13, 2020, the College also stopped providing services or facilities the Mandatory Fees were intended to cover.

5.     The College's failure to provide the services for which tuition and the Mandatory Fees were intended to cover since approximately March 13, 2020 is a breach of the contracts between the College and Plaintiff and the members of the Class and is unjust.

6.     In short, Plaintiff and the members of the Class have paid for tuition for a first-rate education and an on-campus, in person educational experiences, with all the appurtenant benefits offered by a first-rate College, and were provided a materially deficient and insufficient alternative, which constitutes a breach of the contracts entered into by Plaintiff with the College.

7.     As to the Mandatory Fees, Plaintiff and the Class have paid fees for services and facilities which are simply not provided.

8.     This failure also constitutes a breach of the contracts entered into by Plaintiff with the College.

9.     Plaintiff seeks, for himself and Class members, the College's disgorgement and return of the pro-rated portion of its tuition and Mandatory Fees, proportionate to the amount of time in the respective semesters when the College closed and switched to online only learning. The return of such amounts would compensate Plaintiff and the Class members for damages sustained by way of Defendant's breach.

10.     Plaintiff seeks for themselves and Class members protections including injunctive and declaratory relief protecting Class Members from paying the full cost of tuition and fees during the pendency of the pandemic in light of the educational services, opportunities, and experiences Defendants can actually safely provide.

## PARTIES

11.     Plaintiff Henry Mooers was an undergraduate student during the Spring 2020 semesters and is expected to graduate in May 2021. In spring 2020, Middlebury charged Plaintiff approximately $27,895.00 in tuition, Mandatory Fees of $213.00 that was labeled as "Spring Student Activity Fee," and $4,809.00 for room and board.

12.     Plaintiff Mooers is a resident of Norwell, Massachusetts.

13.     Plaintiff Mooers paid tuition and fees for in-person educational services, experiences, opportunities, and other related collegiate services. Plaintiff Mooers has not been provided a pro-rated refund of the tuition for his in-person classes that were discontinued and moved online, or the Mandatory Fee he paid after the College's facilities were closed and events were cancelled.

14.     Defendant Middlebury is a private College in Middlebury, Vermont that was founded in 1800. The College offers numerous major fields for undergraduate students, as well as a number of graduate programs.

15.     Defendant's undergraduate and graduate programs includes students from many, if not all, of the states in the country. Defendant is a resident of Vermont.

## JURISDICTION AND VENUE

16.     This Court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), because the matter in controversy exceeds the sum or value of $5,000,000,

exclusive of interests and costs, and is a class action in which one or more of the other Class members are citizens of a State different from the Defendant.

17.    This Court has personal jurisdiction over Defendant because it resides in this District.

18.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this District and is a resident of the state in which the District is located.

## FACTUAL ALLEGATIONS.

19.    Plaintiff and Class Members paid to attend Middlebury's Spring 2020 semester including tuition and the Mandatory Fees. The Spring 2020 semester started on February 10, 2020 and ended on or around May 19, 2020.

20.    Tuition at the College was approximately $28,940 for undergraduate students, and mandatory fees for each semester of approximately $218.00 in student activity fees and similar such charges for graduate students.

21.    Plaintiff and the members of the Class paid tuition for the benefit of on-campus live interactive instruction and an on-campus educational experience throughout the semesters.

22.    Throughout March 2020, the College made public announcements adjusting educational services and opportunities that affected Plaintiff.

23.    The College has not held any in-person classes since March 13, 2020 for undergraduate students. All classes since March 13, 2020 have only been offered in a remote online format with no in-person instruction or interaction.

24.    Most of the services for which the Mandatory Fees were assessed were also terminated or cancelled at or about this time, such as access to College health and wellness facilities, programs or services; fitness facilities; student events or sports; and an in-person

4

commencement.

25.     Members of the Class have demanded the return of the prorated portion of tuition, and have taken to an online petition to demand the same.[1] As one student put it, "…it is undeniable that the product students are receiving is vastly different from one they were sold and paid for up-front in good faith." Continuing on to say, "In addition to decreased contact-hours and class quality, with campus and international program closures, students no longer have access to the resources and opportunities that are a fundamental part of their overall educational experience." [2]

26.     Despite the demand, Middlebury has not provided reimbursement or refund regarding tuition or the Mandatory Fees.

27.     Students attending Middlebury's Spring 2020 semester did not choose to attend an online only institution of higher learning, but instead chose to enroll in the College's in-person educational programs – with the understanding that Middlebury would provide in person educational opportunities, services, and experiences.

28.     On its website, Middlebury markets the College's on-campus experience and opportunities as a benefit to students.

29.     The College uses its website, promotional materials, circulars, admission papers, and publications to tout the benefit of being on campus and the education students will receive in its facilities.

30.     The online learning options being offered to Middlebury's students are sub-par in practically every aspect as compared to what the educational experience afforded Plaintiff and the members of the Class once was.   During the online portion of the Spring 2020 semesters, Middlebury used programs by which previously recorded lectures were posted online for students

---

[1] https://www.change.org/p/middlebury-college-middlebury-college-partial-tuition-refund-for-spring-term
[2] *Id.*

to view on their own or by virtual Zoom meetings. Therefore, there was a lack of classroom interaction among teachers and students, and among students that is instrumental in educational development and instruction.

31.    The online formats being used by Middlebury do not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams. Further, the ability to receive a Pass-Fail grade rather than a letter grade provides educational leniency that the students would not otherwise have with the in-person letter grading education that was paid for and expected.

32.    Students, like Plaintiff, have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

33.    Access to facilities such as libraries, laboratories, computer labs, recitations, and study rooms, are integral to a college education.

34.    Access to activities offered by campus life fosters intellectual and academic development and independence, and networking for future careers.

35.    Middlebury priced the tuition and Mandatory Fees based on the in person educational services, opportunities and experiences it was providing on campus.

36.    The College has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the semesters affected by Covid-19.

37.    The College refunded any portion of the Mandatory Fees it collected from Plaintiff and the members of the Class for the affected semester even though it closed or ceased operating the services and facilities for which the Mandatory Fees were intended to pay.

38.    Plaintiff and the Class members are therefore entitled to a pro-rated refund of the

tuition and Mandatory Fee they paid for the Spring 2020 semester for the remaining days of that semester after classes moved from in-person to online and facilities were closed, and for the future semesters where in-person classes are cancelled and moved online.

39.     Defendant's practice of failing to provide reimbursements for tuition and Mandatory Fees despite the diminished value of the education and other experiences that it provided, and the reduced benefits associated with the fees, as alleged herein, violates generally accepted principles of business conduct.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this case individually and, pursuant to FRCP 23, on behalf of the class defined as:

> All persons who paid, or will pay, tuition and/or the Mandatory Fees for a student to attend in-person class(es) during the Spring 2020 or any other semester affected by Covid-19 at Middlebury but had their class(es) moved to online learning (the "Class").

41.     Plaintiff reserves the right to modify or amend the definition of the proposed Class if necessary, before this Court determines whether certification is appropriate.

42.     This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of FRCP 23 and other statutes and case law regarding class action litigation in Vermont State Court.

43.     The Class is so numerous that joinder of all members is impracticable.  Although the precise number of Class members is unknown to Plaintiff, the College has reported that an aggregate of 2,517 or more undergraduate and graduate students were enrolled for the 2019-2020 school year. The names and addresses of all such students are known to the College and can be identified through the College's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S.

7

Mail, electronic mail, Internet postings, and/or published notice.

44.    The questions here are ones of common or general interest such that there is a well-defined community of interest among the class members.  These questions predominate over questions that may affect only individual members of the classes because Middlebury has acted on grounds generally applicable to the classes.  Such common legal or factual questions include, but are not limited to:

a.  Whether the College accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus live education, as well as certain facilities and services throughout the semesters affected by Covid-19;

b.   Whether Defendant breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 13, 2020;

c.  Whether Defendant breached its contracts with Plaintiff and the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020; and

d.  Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus live education after March 13, 2020;

e.  Whether Defendant breached the covenant of good faith and fair dealing with Plaintiff and the members of the Class by failing to provide the services and facilities to which the Mandatory Fees pertained after mid-March 2020;

8

f.  Whether Defendant is unjustly enriched by retaining all of the tuition and Mandatory Fees during the time when the College has been closed, and Plaintiff and the members of the Class have been denied an in-person and on-campus live education and access and the services and facilities for which the Mandatory Fees were paid;

g.  Whether Defendant intentionally interfered with the rights of the Plaintiff and the Class when it cancelled all in-person classes and only provided a remote online format, cancelled all on-campus events, strongly encouraged students to stay away from campus, and discontinued services for which the Mandatory Fees were intended to pay, all while retaining the tuition and Mandatory Fees paid by Plaintiff and the Class; and

h.  The amount of damages and other relief to be awarded to Plaintiff and the Class members.

45.  Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus live education for the tuition they paid and the services and facilities for the Mandatory Fee that they paid, that the College stopped providing in mid-March.

46.  Plaintiff is a more than adequate class representative. In particular:

a)  Plaintiff is committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class action litigation;

b)  Because his interests do not conflict with the interests of the other Class members who he seeks to represent;

c)  no difficulty is anticipated in the management of this litigation as a class action; and

9

     d) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

47.    Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

48.    It is impracticable to bring members of the Classes individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The damages or financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against the College. It would, thus, be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

49.    Plaintiff also seeks class certification for injunctive and declaratory relief under FRCP 23(b)(2) and (b)(3), at the appropriate juncture.

10

## FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT
### (On Behalf of Plaintiff and the Class)

50.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein, including those made in paragraphs 1 through 49 above.

51.     Plaintiff brings this claim individually and on behalf of the members of the Class.

52.     By paying the College tuition and the Mandatory Fees for the Spring 2020 semester, the College agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees that were paid pertained to throughout those semesters.

53.     Plaintiff and each member of the Class entered into a binding contract with the College.

54.     Middlebury has held that its in-person educational opportunities, experiences, and services are of substantial value.

55.     Middlebury has made offers of such educational opportunities, experiences, and services to students like Plaintiff in writing and in other materials provided to students like Plaintiff.

56.     Middlebury has agreed to provide in-person educational opportunities, experiences, and services to enrolled students.

57.     Middlebury has promoted its in-person educational services as being valuable to students' educational experiences and their development.

58.     In marketing materials and other documents provided to the Named Plaintiff, Defendant promoted and offered the value of the in-person education experiences, opportunities, and services that Defendant provided.

11

59.     In marketing materials and other documents provided to the Named Plaintiff, Defendant promoted and offered services that would be accessible to Plaintiff and Class Members if they paid Mandatory Fees.

60.     Defendant provided Plaintiff with an acceptance letter that the Named Plaintiff accepted based on the promise of in-person educational experiences, opportunities, and services that Defendant would provide.

61.     Plaintiff received the acceptance letter.

62.     The College has breached its contract with Plaintiff and the Class by failing to provide the promised in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees pertained throughout the semesters affected by Covid-19, yet has retained monies paid by Plaintiff and the Class for a live in-person education and access to these services and facilities during these semesters.

63.     Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

64.     Plaintiff and members of the Class have performed all of the obligations on them pursuant to their agreement – including by making such payments or securing student loans or scholarships to pay for such education.

65.     Plaintiff and the members of the Class have suffered damage as a direct and proximate result of the College's breach in the amount of the prorated portion of the tuition and Mandatory Fee they each paid during the portion of time the semesters affected by Covid-19 in which in-person classes were discontinued and facilities were closed by the College.

66.     The College should return such portions of the tuition and Mandatory Fee to Plaintiff and each Class Member.

### SECOND CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (On Behalf of Plaintiff and the Class)

67.     Plaintiff incorporates the allegations by reference as if fully set forth herein, including those made in paragraphs 1 through 66 above.

68.     Plaintiff brings this claim individually and on behalf of the members of the Class.

69.     By paying the College tuition and the Mandatory Fees for the Spring semester, the College agreed to, among other things, provide an in-person and on-campus live education as well as the services and facilities to which the Mandatory Fees that were paid pertained to throughout the semester.

70.     Defendant has retained the benefits of the amount of tuition and fees that Plaintiff has provided – without providing the benefits that Plaintiff is owed.

71.     For example, Defendant failed to provide Plaintiff and Class Members access to any on-campus facility after March 13, 2020. Yet Defendant assessed Plaintiff with tuition and fees that covered the cost of upkeep and maintenance of such facilities, services, costs, and expenses.

72.     Plaintiff was not able to access such facilities or services remotely.

73.     Plaintiff paid tuition and fees with the expressed understanding that such costs included the in-person classes, services, opportunities, and experiences that Middlebury have previously marketed, promoted, or made available prior to Covid-19.

74.     Defendant has been unjustly enriched by Plaintiff's payment of tuition and fees.

75.     Despite not being able to provide such services, Middlebury failed to provide reimbursements for tuition and fees despite the diminished value of the education and other experiences that it provided, and the reduced benefits associated with the fees.

13

76.     Plaintiff and members of the Class have sustained monetary damages as a result of
each of Defendant's breaches of the covenant of good faith and fair dealing.

77.     Defendant's act was unjust for them to keep money for services they did not render.

### THIRD CLAIM FOR RELIEF
### CONVERSION & TAKING OF PROPERTY
### (On Behalf of Plaintiff and the Class)

78.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged
herein, including those made in paragraphs 1 through 77 above.

79.     In the alternative to the First Claim for Relief, Plaintiff brings this claim
individually and on behalf of the members of the Class.

80.     Plaintiff and members of the Class provided the College with property in the form
of funds (tuition and Mandatory Fees), to be in exchange for in person on campus services,
facilities and face to face instruction.

81.     The College exercises control over Plaintiff's and Class members' property.

82.     The College intentionally interfered with Plaintiff's and the Class members'
property when it unilaterally moved all in-person classes to a remote online format, cancelled all
on-campus events, strongly encouraged students to stay away from campus, and discontinued
services for which the Mandatory Fees were intended to pay, all while retaining the tuition and
Mandatory Fees paid by Plaintiff and the Class.

83.     The College converted Plaintiff's funds into their own property without consent
and without authorization.

84.     Class members demanded the return of their property proportionate to the reduction
in benefit for education and services during the Spring 2020 semester when in-person and on-
campus live education, and access to the College's services and facilities were unavailable.

14

85. The College's retention of the tuition and Mandatory Fees paid by Plaintiff and the Class without providing the services for which they paid, deprived Plaintiff and Class of the benefits for which the tuition and Mandatory Fees were paid, and of their funds paid for those benefits.

86. Plaintiff and the Class members are entitled to the return of the pro-rated amounts of tuition and Mandatory Fees each paid equal to the reduction in benefit for education and services during the Spring 2020 semester when in-person and on-campus live education, and access to the College's services and facilities were unavailable.

## FOURTH CLAIM FOR RELIEF
## CONSUMER FRAUD
### (On Behalf of Plaintiff and the Class)

87. Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein, including those made in paragraphs 1 through 81 above.

88. Plaintiff brings this claim individually and on behalf of the members of the Class.

89. The acts and omissions of the College described herein constitute unfair or deceptive acts or practices in commerce and are therefore unlawful under 9 V.S.A. § 2453 and otherwise.

90. By its acts and omissions described herein, the College failed to sell goods and services in the manner and of the nature advertised or offered pursuant to 9 V.S.A. § 2457 and otherwise.

91. The Plaintiff and the members of the Class are consumers who contracted for goods or services in reliance upon false or fraudulent representations or practices prohibited by 9 V.S.A. § 2453 and who have sustained damages or injury thereby and may therefore sue for appropriate

15

equitable relief and for damages, attorneys' fees, and exemplary damages not exceeding three times the value of the consideration.

92.     Plaintiff and the Class members are entitled to equitable relief, the return of the pro-rated amounts of tuition and Mandatory Fees each paid equal to the reduction in benefit for education and services during the Spring 2020 semester when in-person and on-campus live education, and access to the College's services and facilities were unavailable, attorneys' fees, and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Class against Defendant as follows:

(a)     For an order certifying the Class under the FRCP and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)     For compensatory damages in an amount to be determined by the trier of fact;

(d)     For an order compelling disgorgement of the ill-gotten gains derived by Defendant from its misconduct;

(e)     For an order of restitution and all other forms of equitable monetary relief;

(f)     For an order awarding Plaintiff's reasonable attorneys' fees, costs, and expenses;

16

(g)     For an order awarding pre- and post-judgment interest on any amounts awarded;

(h)     For an order awarding exemplary damages; and,

(i)     For an order awarding such other and further relief as may be just and proper, including injunctive relief and declaratory relief.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: September 21, 2020

Respectfully submitted,

Tristan Christopher Larson, Esq.,
**LARSON & GALLIVAN LAW, PLC**
128 Merchants Row, Suite 405
Rutland, Vermont 05701
(802) 779-9771
larson@larsongallivan.com

Jeffrey K. Brown, Esq. *(To apply Pro Hac Vice)*
Michael A. Tompkins, Esq. *(To apply Pro Hac Vice)*
Brett R. Cohen, Esq. *(To apply Pro Hac Vice)*
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

Jason P. Sultzer, Esq. *(To apply Pro Hac Vice)*
Jeremy Francis, Esq. *(To apply Pro Hac Vice)*
**THE SULTZER LAW GROUP, P.C.**
270 Madison Avenue, Suite 1800
New York, NY 10016
Telephone: (212) 969-7810
sultzerj@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

*Counsel for Plaintiff and Proposed Class*